# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

_____

№ 20-CV-1759 (MKB) (RER)
_____

## Adrian Feliciano,

Plaintiff,

VERSUS

## Food Trucks in the Valley LLC,

Defendant.

_____

**REPORT & RECOMMENDATION**

August 26, 2021
_____

**TO THE HONORABLE MARGO K. BRODIE**
**CHIEF UNITED STATES DISTRICT JUDGE**


**RAMON E. REYES, JR., U.S.M.J.:**

On April 9, 2020, Adrian Feliciano ("Feliciano" or "Plaintiff") commenced this action against Food Trucks in the Valley LLC ("Food Trucks" or "Defendant") alleging that Defendant infringed his copyright. (Dkt. No. 1 ("Compl.") ¶ 1). Plaintiff seeks relief for (1) copyright infringement under Section 501 of the Copyright Act, and (2) copyright management information (CMI) infringement under Section 1202(b) of the Digital Millennium Copyright Act ("DMCA"). 17 U.S.C. §§ 501, 1202. (*Id.*) Presently before the Court is Plaintiff's motion for default judgment. (Dkt. No. 10). For the reasons set forth herein, I respectfully recommend that Plaintiff's motion for default judgment be granted in part, and that Plaintiff be awarded $6,740.00, itemized as

follows: (1) $5,000.00 in statutory damages; (2) $710 in actual damages; (3) $630 in attorney's fees; (4) $400 in costs.[1]

## BACKGROUND

### I.    Factual Background

Accepting all well-pleaded factual allegations in the Complaint as true, as required by Rule 55 of the Federal Rules of Civil Procedure, the facts of this case are as follows:

This controversy involves Defendant's unauthorized use of Plaintiff's photograph on the company's social media accounts. (Compl. ¶¶ 1, 11). Plaintiff is a photographer based in Las Vegas, Nevada (*id.* ¶ 5) and took a photograph of a woman holding a glowing yellow hula-hoop (the "Photograph"). (*Id.* ¶¶ 7, 9; (Dkt. No. 1-1 ("Ex. A")). Plaintiff added a watermark reading *inter alia* "© Photography by Adrian Feliciano" and "All Rights Reserved" in the bottom left-hand corner of the image. (Compl. ¶ 8; Ex. A). According to Plaintiff, the Photograph was also registered at the United States Copyright Office under registration number VA 2-172-451. (Compl. ¶ 10).

Defendant is a Connecticut limited liability company.[2] (*Id.* ¶ 6). Plaintiff alleges that Defendant published Plaintiff's Photograph—with its watermark removed—on Defendant's

---

[1] Firaas Akbar, a rising third-year student at the University of Massachusetts School of Law, provided substantial assistance in researching and drafting this Report and Recommendation.

[2] In the Second Circuit, a court is not required to "undertake a personal jurisdiction analysis before granting default judgment." *CKR Law LLP v. Anderson Invs. Int'l LLC*, No. 20 Civ. 7937, 2021 U.S. Dist. LEXIS 114647, at *6 (S.D.N.Y. June 21, 2021) (citing *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010) ("we need not—and explicitly do not—address here whether a district court *must* investigate its personal jurisdiction over defendant before entering a default judgment. We leave that issue for another day and hold only that a court *may* raise personal jurisdiction *sua sponte* when a defendant has failed to appear.")) (emphasis in original). Here, Defendant was properly served (Dkt. No. 6) and has not appeared or made any attempt to contact the court. Should it be appropriate later, "Defendant may raise lack of personal jurisdiction in any collateral action to enforce the judgment." *Dermansky v. Tel. Media, LLC*, No. 19-CV-1149 (PKC) (PK), 2020 U.S. Dist. LEXIS 44475, at n. 5 (E.D.N.Y. Mar. 13, 2020) (citing *Ins. Corp. of Ireland v. Compagnie des Bauxites de Gunée*, 456 U.S. 694, 706 (1982) ("A defendant is always free to ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds in a collateral proceeding.")). Accordingly, I do not find it necessary to do a personal jurisdiction inquiry at this time.

Instagram and Facebook accounts to advertise an event called Taco Festival. (*Id*. ¶¶ 11, 12); (Dkt. No. 1-2 ("Ex. B")). Defendant was not licensed or otherwise authorized to reproduce, display, distribute, or use the photograph. (Compl. ¶ 15).

## II.     Procedural History

On April 9, 2020, Plaintiff commenced this action for copyright infringement. (Compl. ¶ 1).[3] On April 20, 2020, Defendant was properly served pursuant to N.Y. CPLR § 305. (Dkt. No. 6). After Defendant failed to respond to the Complaint or otherwise defend against the claims therein, Plaintiff requested entry of default. (Dkt. No. 8). On August 6, 2020, default was entered against Defendant. (Dkt. No. 8); (Dkt. No. 9). On October 28, 2020, Plaintiff filed the present motion for default judgment. (Dkt. No. 10). On April 7, 2021, Your Honor referred the motion to me for a Report and Recommendation. (Dkt. Entry Dated 4/7/2021).

## DISCUSSION

### I.   Default Judgment

Rule 55 of the Federal Rules of Civil Procedure governs motions for default judgment. *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). The Rule sets forth a two-part process to determine whether the motion should be granted. First, the plaintiff must obtain a certificate of default from the clerk of the court. FED. R. CIV. P. 55(a). This first step is nondiscretionary. *United States v. Conolly*, 694 F. App'x 10, 12 (2d Cir. 2017). At the request of the plaintiff, "the clerk must" issue a certificate of default when the "party against whom a judgment for affirmative relief is sought

---

[3] The Complaint was filed by Richard P. Liebowitz. On December 3, 2020, this Court entered reciprocal discipline against Mr. Liebowitz corresponding to his suspension from the Southern District of New York. (Dkt. No. 13). Accordingly, on December 7, 2020, Mr. Liebowitz was ordered to inform his client of the disciplinary proceedings. On December 23, 2020, James H. Freeman, Esq., an associate at Mr. Liebowitz's firm, filed a notice of appearance and replaced Mr. Liebowitz as counsel.

has failed to plead or otherwise defend" the action, "and that failure is shown by affidavit or otherwise." FED. R. CIV. P. 55(a); *Green*, 420 F.3d at 104. Second, after the certificate of default is issued, the plaintiff "must apply to the court for a default judgment." FED. R. CIV. P. 55(b)(2). "Default judgments are 'generally disfavored and are reserved for rare occasions.'" *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129 (2d Cir. 2011) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)).

A default serves as the defendant's admission that the complaint's well-pleaded factual allegations are true. *Masino v. Architectural Pavers Corp*., No. 09-CV-2213 (DLI) (RER), 2009 U.S. Dist. LEXIS 126462, at *4 (E.D.N.Y. Dec. 2, 2009), *R & R adopted by* 2010 U.S. Dist. LEXIS 32502 (Jan. 15, 2010); *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (after default the "court is required to accept all of the [plaintiff's] [well-pleaded] allegations as true and draw all reasonable inferences in its favor."). Ultimately, the role of the Court at this stage is to "determine whether [the plaintiff's] allegations establish [the defendant's] liability as a matter of law." *Id.* at 84.

## II.  Copyright Infringement (Copyright Act §§ 106, 501)

Here, Plaintiff claims that he is the owner of the Photograph (Compl. ¶ 9) and that Defendant infringed his copyright by publishing the Photograph on its website without his permission (Compl. ¶ 14). To establish infringement of a copyright, a plaintiff must show: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *BWP Media USA Inc. v. Polyvore, Inc.,* 922 F.3d 42, 61 (2d Cir. 2019) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361 (1991)). The Act imposes strict liability, so a defendant can be liable for violations even if they are not aware of the illegal or infringing nature of their actions. *BWP Media USA Inc.*, 922 F.3d at 47 (citing 17 U.S.C. § 504)).

A.  Ownership of a Valid Copyright

A plaintiff can establish ownership of a valid copyright in a default judgment case by submitting a Certificate of Registration from the Copyright Office. *Pasatieri v. Starline Prods.*, 2020 U.S. Dist. LEXIS 6251 at *5 (E.D.N.Y. January 14, 2020) (citing *Sheldon v. Plot Commerce,* No. 15-CV-5885 (CBA) (CLP), 2016, U.S. Dist. LEXIS 116135 at *11-12) (E.D.N.Y. Aug. 26, 2016)). Alternatively, Courts in this Circuit have accepted a copyright registration number alone to establish copyright ownership in default judgment cases. *See Lowery v. Fire Talk LLC*, No. 19-CV-3737 (LDH) (RER), 2020 U.S. Dist. LEXIS 115932, *3 (E.D.N.Y. June 29, 2020), *R & R adopted by* 2020 WL 5425768 (Sept. 10, 2020) (collecting cases).

Here, Plaintiff has submitted both the Copyright registration number[4] and a copy of the copyright registration. (Compl. ¶ 10; Dkt. No. 11-5 ("Copyright Registration")). Accordingly, Plaintiff has established that he owns a valid copyright to the Photograph. *Pasatieri*, 2020 U.S. Dist. LEXIS 6251 at *5; *Lowery*, 2020 U.S. Dist. LEXIS 115932, *3.

B.  Copying Original Constituent Elements

After establishing copyright ownership, a plaintiff must then prove: (1) copying of constituent elements that are original, and (2) that the defendant copied these elements without authorization. *Fleishman v. World Bride Magazine*, 2020 U.S. Dist. LEXIS 201164, at *5 (E.D.N.Y. Oct. 27, 2020).

---

[4] The copyright number provided in the Complaint, VA 2-172-451, is incorrect. I searched the United States Copyright Office's Database ("the Database"), and there is no image corresponding to that number registered with the United States Copyright Office. The registration number on the Copyright Registration is VA 2-172-251. (*See* Copyright Registration). This number correctly corresponds with the image titled "4.27.16-fire circle-Feliciano" on the Database's website. Regardless, on a motion for default judgment, "a plaintiff's assertion of the existence of a valid copyright, even without producing the certificate, are satisfactory." *Fleishman v. World Bride Magazine*, 2020 U.S. Dist. LEXIS 201164, at *5 (E.D.N.Y. Oct. 27, 2020).

A plaintiff's burden to prove that his work contains original constituent elements is very modest; he simply needs to show that his work contains "at least some minimal degree of creativity." *Pasatieri.*, 2020 U.S. Dist. LEXIS 6251, at *6 (citing *Sheldon*, 2016 U.S. Dist. LEXIS 116135, at *11.); *see also Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.*, 206 F. Supp. 3d 869, 896 (S.D.N.Y. 2016). On a motion for default judgment, a plaintiff can meet this burden by simply alleging that he is the author of the photograph. *Korzeniewski v. Sapa Pho Vietnamese Rest., Inc.*, 2019 U.S. Dist. LEXIS 1901, at *13-14 (E.D.N.Y. Jan. 3, 2019), *adopted by* 2019 U.S. Dist. LEXIS 10949 (Jan. 23, 2019).

Similarly, a plaintiff's allegations that "defendant reproduced and published a protected photograph, without proper authorization, are adequate to establish liability." *Fleishman*, 2020 U.S. Dist. LEXIS 201164, at *5; *see also e.g., Harvey v. Pbh Networks*, No. 20-CV-948 (PKC) (LB), 2020 U.S. Dist. LEXIS 186421, at *6 (E.D.N.Y. Oct. 6, 2020).

Here, Plaintiff has sufficiently alleged that he is the author of the Photograph (Compl. ¶ 9) and that Defendant reproduced the Photograph on its website without his permission (*Id*. ¶ 14). Plaintiff has also supported these allegations with a copy of the Copyright Registration (Ex. A), and screenshots from Defendant's social media accounts displaying the Photograph. (Ex. B). Accordingly, Plaintiff has met his burden of establishing that Defendant infringed upon his copyright. *See Harvey*, 2020 U.S. Dist. LEXIS 186421, at *6.

C. Digital Millennium Copyright Act

Plaintiff further alleges that Defendant "intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph" in violation of the DMCA. (Compl. ¶ 20). Section 1202(b) of the DMCA provides:

No person shall, without the authority of the copyright owner or the law (1) intentionally remove or alter any copyright management information, (2) distribute or import for distribution

copyright management information knowing that the copyright management information has been removed or altered without authority of the copyright owner or the law, or (3) distribute, import for distribution, or publicly perform works, copies of works, or phonorecords, knowing that copyright management information has been removed or altered without authority of the copyright owner or the law, knowing, or . . . having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title.

17 U.S.C. § 1202(b).

"Courts have applied this statute in a straightforward manner such that Plaintiff[] here need only allege (1) the existence of [Copyright Management Information] on the [work in question]; (2) removal and/or alteration of that information; and (3) that the removal and/or alteration was done intentionally." *Sheldon v. Plot Commerce,* 2016 U.S. Dist. LEXIS 116135 at *13 (quoting *BanxCorp. v. Costco Wholesale Corp.*, 723 F. Supp. 2d 596, 609 (S.D.N.Y. 2010)). "In cases of default, where the factual allegations in a complaint are taken as true, plaintiff establishes liability under the DMCA by alleging that a photograph contained CMI which was removed by the defendant before display on the defendant's website." *Harvey*, 2020 U.S. Dist. LEXIS 186421, at *8 (citing *Reilly v. Plot Commerce*, No. 15 Civ. 5118 (PAE) (BCM), 2016 U.S. Dist. LEXIS 152154, at *6 (S.D.N.Y. Oct. 31, 2016), *adopted by* 2016 U.S. Dist. LEXIS 160884 (Nov. 21, 2016)).

Here, Plaintiff sufficiently alleges that Defendant removed CMI from the Photograph. (Compl. ¶ 20). Plaintiff also provided a copy of the original Photograph with the CMI (Ex. A), as well as a copy of the Photograph that was published on Defendant's social media accounts in which the CMI was removed (Ex. B). Accordingly, Plaintiff has established that Defendant violated the DMCA. *See Harvey*, 2020 U.S. Dist. LEXIS 186421, at *8 (citing *Reilly*, 2016 U.S. Dist. LEXIS 152154, at *6).

III.  Damages

"It is well established that a defendant's default constitutes the admission of all well-pleaded allegations in a complaint, except those pertaining to damages." *Daniels v. Kostreva,* No. 15-CV-3141 (ARR) (LB), 2017 U.S. Dist. LEXIS 5534, at *23 (E.D.N.Y. Jan. 12, 2017). Prior to awarding damages, a court must "ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec., Inc. v. Alcantar*a, 183 F.3d 151, 155 (2d Cir. 1999). The court must look to the record and assess an appropriate amount to award the plaintiff for each liable act established against the defendant. *Greyhound Exhibitgroup v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir. 1992).

Here, Plaintiff seeks a total of $11,500 in damages, representing $1,500 in actual damages for copyright infringement under 17 U.S.C. § 501 (Dkt. No. 11 ("Liebowitz Decl.") ¶ 17), and $10,000 in statutory damages under 17 U.S.C. § 1202(b) (*id.* ¶ 18). Each of these claims is addressed in turn.

A.  Damages Under the Copyright Act, 17 U.S.C. § 501

The Copyright Act allows a plaintiff to recover either statutory damages[5] or actual damages. *McGlynn v. Towers Investors*, 2021 U.S. Dist. LEXIS 86159, at *12 (S.D.N.Y. May 5, 2021)

---

[5] Here, Plaintiff is ineligible for statutory damages. A plaintiff may only recover statutory damages and attorney's fees for copyright infringement if the copyright was registered prior to the infringement. 17 U.S.C. § 412; *see e.g., Electrolux Home Prods. v. BuyRite Appliances*, 2014 U.S. Dist. LEXIS 146556, at * (E.D.N.Y. Oct. 14, 2014) (quoting *Fitzgerald Pub. Co. v. Baylor Pub. Co*., 670 F. Supp. 1133, 1138 (E.D.N.Y. 1987) ("plaintiff failed to register [his] copyright[] . . . before the infringement occurred and is therefore not entitled to statutory damages.")). The Photograph was initially published on April 27, 2016 (Liebowitz Decl. ¶ 5), Defendant republished the Photograph on September 7, 2019 (*id.* ¶ 6), and Plaintiff then registered with the United States Copyright Office on September 17, 2019 (*id.* ¶ 9). Although copyright registration is a prerequisite for filing a copyright lawsuit, the registration may occur after the infringement. *Renna v. Queens Ledger/Greenpoint Star, Inc*., No. 17-CV-3378 (DRH) (SIL), 2019 U.S. Dist. LEXIS 24452, at n. 4 (E.D.N.Y. Feb 13, 2019) (citing *Well-Made Toy Mfg. Corp. v. Goffa Int'l Corp*., 210 F. Supp. 2d 147, 157 (E.D.N.Y. 2002)), *adopted by* 2019 U.S. Dist. LEXIS 35980 (Mar. 6, 2019).

(citing 17 U.S.C. 504(a)(1)-(2)), *adopted by* 2021 U.S. Dist. LEXIS 196594 (June 3, 2021). Here, Plaintiff seeks $1,500.00 in actual damages. (Liebowitz Decl. ¶ 17).

To calculate actual damages, the court must use "some reasonable basis for computation . . . even though the calculation may only be approximate" and avoid undue speculation. *Davis v. Gap. Inc.*, 246 F.3d 152, 166–67 (2d Cir. 2001) (quoting *Nature's Enterprises, Inc. v. Pearson*, No. 08 Civ. 8549, 2010 U.S. Dist. LEXIS 11235, at *7 (S.D.N.Y. Feb. 9, 2010)). Courts in this Circuit have routinely held that fair market value of a work's license is a reasonable basis for awarding actual damages for lost revenue. *See e.g.*, *Stevens Linen Assocs., Inc. v. Mastercraft Corp.*, 656 F.2d 11, 14–15 (2d Cir. 1981); *Madden v. DreamWorks, LLC*, No. 07-CV-5273 (ARR), 2009 WL 10706573, at *3 (E.D.N.Y. July 6, 2009)).

It is unclear how Plaintiff arrives at this $1,500 valuation. Plaintiff only asserts that the "fair market value" of the Photograph is $710—equal to what he would have allegedly charged for a licensing fee if Defendant had "contacted him to obtain permission [to use the Photograph]." (*Id.* ¶ 22). To support this valuation, Plaintiff attaches a screenshot of a similar photograph taken by Getty Images that was licensed for $710.  (Dkt. No. 11-5). The Court notes that the photo bears some similarities to Plaintiff's Photograph as both depict performance artists and glowing yellow circles, but they differ in the arts depicted.

Plaintiff also seeks actual damages based on Defendant's "ill-gotten gains," but does not specify an amount. (Liebowitz Decl. ¶ 23). Therefore, the Court can only speculate that Plaintiff seeks $790 on this basis.[6] Plaintiff argues that "the Second Circuit has ruled that an award of actual damages in a copyright infringement case 'should be broadly construed to favor [sic] victims of infringement.'" *Davis v. The Gap*, 246 F.3d 152, 172 (2d Cir. 2001). The case that Plaintiff cites,

---

[6] $1500 (amount in actual damages requested) - $710 (amount of licensing fee) = $790.

however, is distinguishable, and the quote is taken out of context. In *Davis*, the Court had some basis to award the "ill-gotten gains." Although some speculation was used to calculate damages in that case, they were based upon royalty and licensing fees that the Plaintiff may have earned had it not been for the infringement.

In contrast, here, Plaintiff offers no basis whatsoever for this additional $790, and fails to even suggest that Defendant profited from the photograph at Plaintiff's expense. Accordingly, Plaintiff is asking the Court to draw a number out of thin air, without any basis in fact, which is exactly the kind of speculation the Court is prohibited from engaging in. *See Pasatieri*, 2020 U.S. Dist. LEXIS 6251 at *5 (Plaintiff's actual damages claim for copyright infringement was rejected as undue speculation due to an absence of documentary evidence of fair market value); *see also Davis*, 246 F.3d at 152; *Nature's Enterprises, Inc.*, 2010 U.S. Dist. LEXIS 11235, at *7.

I therefore respectfully recommend that Plaintiff only be awarded $710 in actual damages under the Copyright Act, representing his lost licensing fee.

B. Statutory Damages (DMCA)

Plaintiff also requests $10,000.00 in statutory damages for removal of CMI in violation the DMCA. 17 U.S.C. § 1202(b). (Dkt. No. 11 ¶ 18). "Civil plaintiffs injured because of a DMCA violation may seek either actual damages or statutory damages of $2,500 to $25,000 per infringement." *Mango v. Buzzfeed, Inc.*, 356 F. Supp. 3d 368, 378 (S.D.N.Y. 2019), *aff'd*, 970 F.3d 167 (2d Cir. 2020) (quoting 17 U.S.C. § 1203(c)). Courts consider several factors when assessing statutory damages under the DMCA, "namely, the difficulty of proving actual damages, the circumstances of the violation, whether defendants violated the DMCA intentionally or innocently, and deterrence." *Myeress v. Elite Travel Grp. USA*, 2018 WL 5961424, at *4 (S.D.N.Y. Nov. 14, 2018) (quoting *Agence France Presse v. Morel*, No. 10-cv-2730 (AJN), 2014 U.S. Dist. LEXIS

112436, 2014 WL 3963124, at *10 (S.D.N.Y. Aug. 13, 2014)). Courts may infer willfulness in a DMCA violation from a defendant's default. *Malibu Media, LLC v. Doe*, No. 18-CV-6432, 2020 WL 2736723, at *3 (E.D.N.Y. Apr. 7, 2020) (citing *Hounddog Prods., L.L.C. v. Empire Film Grp., Inc.*, 826 F. Supp. 2d 619, 631 (S.D.N.Y. 2011)).

Here, Defendant is in default and the Court may therefore infer that Defendant willfully removed the CMI. Plaintiff has also provided evidence of the Plaintiff's CMI conspicuously printed on the Photograph, while Defendant's use of the Photograph on social media excludes the entire portion of the image where the CMI was located. (Ex. A; Ex. B). Therefore, the only logical conclusion is that Defendant intentionally removed the part of the image containing the CMI to willfully conceal it.

Courts in the Second Circuit aim to deter future violations and take deterrence into account by awarding damages in amounts well above the price of comparable works' licensing fees. *See Realsongs Universal Music Corp. v. 3A N Park Ave. Rest. Corp.*, 749 F. Supp.2d 81, 87 (E.D.N.Y. 2010). Courts in this Circuit have routinely awarded $5,000 for a single violation of the DMCA where willfulness is established and the plaintiff makes no effort to rectify the violation themselves, such as delivery of a cease-and-desist letter. *See e.g.*, *Dermansky v. Tel. Media, LLC*, No. 19-CV-1149 (PKC) (PK), 2020 U.S. Dist. LEXIS 44475, at *20 (E.D.N.Y. Mar. 30, 2020) (awarding $5,000 in statutory damages under the DMCA when "there was only one act of infringement, Plaintiff took no action to cure the violation, such as by sending a cease-and-desist letter or application for injunctive relief, and Plaintiff has submitted no evidence of actual harm in support of her application."); *Seelie v. Original Media Grp., LLC*, No. 19-CV-5643, 2020 U.S. Dist. LEXIS 5477, at *11 (E.D.N.Y. Jan. 12, 2020) (awarding $5,000 for a DMCA violation and noting that cases brought by Richard Liebowitz tend to be void of any support for statutory

damages request). Finding the same here, I respectfully recommend Plaintiff be awarded $5,000 in statutory damages under the DMCA.

C. Attorney's Fees

Plaintiff is entitled to recover reasonable attorney's fees and costs under the DMCA. 17 U.S.C. §1203(b)(5). Plaintiff requests $765 in attorney's fees, representing 1.8 hours of work at a rate of $425 per hour. (Liebowitz Decl. ¶¶ 28-30). "Attorney's fees are determined by 'multiplying a reasonable hourly rate by the number of reasonably expended hours. The reasonable hourly rate should be what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively.'" *Wexler v. Synergy Prep.,* 2021 U.S. Dist. LEXIS 1401, at *12 (E.D.N.Y. Jan. 3, 2021) (quoting *Bergerson v. N.Y. St. Off. of Mental Health*, 652 F.3d 277, 289 (2d Cir. 2011)).

 "A reasonable attorney's rate is the amount that 'a reasonable, paying client would be willing to pay.'" *Prokos v. Iq Homes & Co.*, No. 20-CV-1220 (EK) (RER), 2021 U.S. Dist. LEXIS 27573, at *14-15 (E.D.N.Y. Feb. 11, 2021) (quoting *We Shall Overcome Found. v. Richmond Org., Inc.*, 330 F. Supp. 3d 960, 970 (S.D.N.Y. 2018)), *adopted by* 2021 U.S. Dist. LEXIS 48971 (Mar. 16, 2021). This is determined by looking at the prevailing hourly rates of attorneys with similar experience and expertise in the district. Reasonable rates for attorneys in this district have been determined to be "$300–$450 per hour for partners, $200–$300 per hour for senior associates, and $100–$200 per hour for junior associates." *Rudler v. Houslanger & Assocs., PLLC*, No. 18-CV-7068 (SFJ) (AYS), 2020 U.S. Dist. LEXIS 15923, 2020 WL 473619, at *4 (E.D.N.Y. Jan. 29, 2020) (collecting cases)). Although Mr. Liebowitz is a founding member and partner of Liebowitz Law Firm, PLLC, he has only been practicing for about five years; experience that is comparable to a junior associate. *See Lowery v. Fire Talk LLC*, 2020 U.S. Dist. LEXIS 115932 at *15

(collecting cases). Further, this Court has routinely reduced Mr. Liebowitz's requested rate to $350 per hour. *See e.g.* *Renna v. Bright Mt. Media, 2020 U.S. Dist. LEXIS 218336, at \*13 (E.D.N.Y. Oct. 19, 2020) (collecting cases); Wexler,* 2021 U.S. Dist. LEXIS 1401, at *13. I therefore respectfully recommend that Mr. Liebowitz's hourly rate be reduced to $350 per hour.

Mr. Liebowitz submitted his time records for this case, which record 1.8 hours worked. (Liebowitz Decl. at 8). Courts in this Circuit have held three hours is a reasonable rate for default judgment cases litigated by Mr. Liebowitz with substantially similar facts. See *Mantel v. Smash.com Inc.*, No. 19-CV6113, 2019 U.S. Dist. LEXIS 179894, 2019 WL 5257571, at *5 (W.D.N.Y. Oct. 17, 2019). Accordingly, I find that 1.8 hours is a reasonable amount of time spent on this action.

Accordingly, I recommend Plaintiff be awarded $630 in attorney's fees.[7]

D. Costs

Plaintiff requests $440 in costs: $400 for the filing fee, and $40 for the service fee. (Liebowitz Decl. ¶ 28). The Court may take judicial notice of the $400 filing fee, which is noted on the docket. (Dkt. Entry Dated 4/09/2020; Receipt No. ANYEDC-1265829); *see, e.g.*, *Rudler v. Houslanger & Assocs.*, PLLC, No. 18-CV-7068 (SFJ) (AYS), 2020 U.S. Dist. LEXIS 15923, at *12 (E.D.N.Y. Jan. 29, 2020). However, Plaintiff has failed to submit adequate receipts to support an award for the service fee. The Certificate of Service that was returned and filed (Dkt No. 6) does not list a service fee or say that this fee was paid by Plaintiff. Nor does Plaintiff submit another receipt to indicate that a service fee was paid. *See, e.g., Piedra v. Ecua Rest., Inc.*, 17-CV-3316 (PKC) (CLP), 2018 WL 1136039, *20 (E.D.N.Y. Jan. 31, 2018) ("the Court cannot simply accept at face value the other costs that plaintiff's counsel seeks, such as service of process and translator services,

---

[7] $350 x 1.8 = $360.

without additional supporting documentation for those costs"), *R & R adopted as modified in other respects by* 2018 WL 1135652 (Feb. 28, 2018); Accordingly, I respectfully recommend that Plaintiff only be awarded $400 in costs for the filing fee.

## **CONCLUSION**

For the foregoing reasons, I respectfully recommend that Your Honor grant Plaintiff's motion for default judgment and award Plaintiff damages in the amount of $6,740.00, itemized as follows: (1) $5,000.00 in statutory damages; (2) $710 in actual damages; (3) $630 in attorney's fees; (4) $400 in costs.

Plaintiff's counsel is hereby directed to serve copies of this Report and Recommendation upon Defendant by regular and certified mail and to file proof of service with the Clerk of the Court. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Margo K. Brodie within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Human Servs*., 892 F.2d 15, 16 (2d Cir. 1989).

**RESPECTFULLY RECOMMENDED**

    /s/ Ramon E. Reyes, Jr.        .
Hon. Ramon E. Reyes, Jr., U.S.M.J

Dated:  August 26, 2021
Brooklyn, New York